# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50709
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE TRANSITO ESCOBAR-REYES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1323-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Transito Escobar-Reyes appeals the 60-month within-guidelines sentence imposed following his guilty plea conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326. He challenges the reasonableness of his sentence, arguing that it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). In support of his argument, he argues that his sentence overstates the seriousness of his illegal reentry offense; that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the illegal reentry Guideline, U.S.S.G. § 2L1.2, is not empirically based and results in the double counting of prior criminal convictions; that his sentence is greater than necessary to provide adequate deterrence and to protect the public; and that his sentence fails to adequately account for his personal history and characteristics, specifically, his recovery from drug and alcohol problems and his motives for returning to the United States.

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita v. United States*, 551 U.S. 338, 347 (2007). This court "will give great deference to that sentence" and "will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005).

As Escobar-Reyes correctly concedes, the argument that the presumption of reasonableness should not apply to his sentence because § 2L1.2 lacks empirical support has been rejected by this court. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). We have also rejected the arguments that illegal reentry is merely an international trespass offense that is treated too harshly under § 2L1.2, *see United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006), and that a sentence imposed pursuant to § 2L1.2 is greater than necessary to meet § 3553(a)'s goals as a result of any double counting inherent in that Guideline, *see Duarte*, 569 F.3d at 529-31.

The district court considered Escobar-Reyes's arguments for a sentence below the guidelines range but rejected them in favor of a guidelines sentence. Escobar-Reyes has not shown the district court failed to consider any significant factors, gave undue weight to any improper factors, or clearly erred

No. 14-50709

in balancing the sentencing factors.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *see also United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  For these reasons, the judgment of the district court is AFFIRMED.